160 P.3d 437

Arthur MYERS, Claimant–Appellant,

v.

QWEST, Employer, and Reliance National Indemnity Company, Surety, Defendants–Respondents.

No. 32852.

Supreme Court of Idaho,
Boise, May 2007 Term.

May 23, 2007.

Arthur Myers, appellant pro se.

Moore & Baskin, LLP, Boise, for respondent. Thomas P. Baskin argued.

EISMANN, Justice.

This is an appeal from an order denying a worker's compensation claim due to the claimant's failure to comply with the notice and claim requirements of Idaho Code § 72–448. We affirm.

## I. FACTS AND PROCEDURAL HISTORY

Arthur Myers was a long-time employee of Qwest and its predecessors. While working on February 9, 1998, Myers became anxious and experienced shortness of breath. He left work and never returned. On August 15, 2001, he filed a claim seeking worker's compensation benefits for an occupational disease allegedly arising out of and in the course of his employment. He alleged that work-related stress caused him psychiatric disorders, dementia, and Parkinson's disease. Although Myers was initially represented by counsel, his counsel later withdrew because she believed the claim lacked legal merit. Myers thereafter acted as his own attorney.

The matter was heard by a referee on June 23, 2005, and the parties were then given time to submit post-hearing briefs. On December 29, 2005, the referee issued written findings of fact, conclusions of law, and a recommendation. The referee found that Myers had failed to give written notice and to file a claim for benefits within the time limits required by Idaho Code § 72–448. The referee found that the alleged occupational disease first manifested on February 9, 1998. Three years later, Myers sent his employer a hand-written note stating in part that he became sick on the job. Assuming that the note constituted the required written notice, it was untimely. Idaho Code § 72–448 required that the notice be given within sixty days after the manifestation of the alleged occupational disease. There was also no claim for benefits filed with the Industrial Commission within one year after the first manifestation of the alleged occupational disease. Therefore, the referee recommended that the claim be deemed barred by Idaho Code § 72–448. The referee also addressed the merits of the claim and concluded that Myers had failed to prove that he suffered an occupational disease.

The Industrial Commission adopted the referee's findings with respect to the failure to comply with the time limits set forth in Idaho Code § 72–448. It ruled that his claim was barred, and it did not address the substantive issues because they were therefore moot.

Myers filed a motion for reconsideration asking the Industrial Commission to consider two articles from the internet. One stated that environmental toxins are suspected of playing a role in causing Parkinson's disease and the other stated that exposure to certain pesticides can cause headaches, blurred vision, nausea, convulsions, flu-like symptoms, and seizures, and in extreme cases quadriplegia, genetic damage, birth defects, immune-system abnormalities, and death. In his motion for reconsideration, Myers stated that during his employment he was often exposed to a pesticide used to kill yellow jackets. Qwest also filed a motion for reconsideration asking the Commission to adopt the referee's findings as to the merits of Myers's claim. The Commission denied both motions. Myers then appealed.

## II. ANALYSIS

The only issue on appeal is whether the Industrial Commission erred in holding that Myers's rights to worker's compensation were barred by Idaho Code § 72–448. Myers does not challenge the finding that his alleged occupational disease first manifested on February 9, 1998. He also does not challenge the findings that he did not comply with the requirements of Idaho Code § 72–448. He simply states that nobody had ever informed him of the time limits specified in that statute.

"Statutes of limitations are clearly creatures of legislative enactment and not within the domain of the judiciary to impose." *Bainbridge v. Boise Cascade Plywood Mill*, 111 Idaho 79, 82, 721 P.2d 179, 182 (1986). The legislature has provided that statutes of limitations under the worker's compensation law are tolled while the claimant is mentally incompetent or a minor dependent without a guardian or next friend. I.C. § 72–705. It has also provided that the statutes of limitations prescribed in Sections 72–701 and 72–706 are tolled by the employer's willful failure or refusal to file the report required by Idaho Code § 72–602(1). I.C. § 72–604. The legislature has not provided that the statute of limitations set forth in Idaho Code § 72–448 is tolled by the employer's failure to inform its employees of the requirements of that section. Therefore, the Industrial Commission did not err in holding that Myers's rights to worker's compensation for his alleged occupational disease were barred by his failure to comply with Idaho Code § 72–448.

## III. CONCLUSION

The order of the Industrial Commission is affirmed. We award costs on appeal to the respondents.

Chief Justice SCHROEDER, and Justices TROUT, BURDICK and JONES concur.